By the Court. Campbell, J.
In this case the facts are briefly these. Weyant was thrown out of his wagon and injured in Canal street, by a car which belonged to the Hew Haven Railroad Company, but the horses which drew it, and the driver who was driving it, were in the employ of the defendants, the Harlem Railroad Company.
The sole question which arose was, whether the Harlem Railroad Company, or the Hew Haven Railroad Company, were liable.
This exact question has not, I believe, arisen before in this country. It has arisen, however, in several cases in England; and among these, I refer especially to the following—Laughley v. Pointer, 5 B. & Cross. 560; Quarman v. Burnett, 6 M. & Wels. 697; Rapson v. Corbett, 9 M. & W. 709; Allen v. Haywood, 7 Ad. & Ell. S. 960. In LanigMey v. Povnter, the judges were divided, but in all the others they were unanimous, and the true rule deducible from all of them is undoubtedly that which is lucidly stated by Parke, Baron, in Quarman v. Burnett. In that case, the defendant was the owner of a carriage, and had hired from a third person a driver and pair of horses to draw the same for a short time, and during this time, the plaintiff’s horse, through the carelessness of the driver, was injured. The question was, whether the defendant, as owner of the carriage, was liable. The judges were all of opinion that he was not, and in delivering their judgment, Parke, Baron, said—“ Upon the principle, ‘ qwifaoit per alvam facit per ss,’ that person is undoubtedly liable who stands in the relation of master to the wrong-doer, who had selected him from the knowledge of, or belief in, his skill and care, who could remove him for misconduct, and whose orders the wrong-doer, as a servant, *363 was bound to receive and obey.” It is evident that every word here said is applicable to the case before us.
The Harlem Bailroad Company was the owner of the horses which drew the car, and the driver was in their employ, paid by them, bound to receive and obey their orders, and liable to be dismissed by them at pleasure.
The fact of negligence has not been in dispute at all, but we have simply to determine which of the companies is liable, in damages, to the plaintiff. We think the proper parties are sued in this case.
The sole distinction between this and the English cases already cited is, thát the conductor, who came down in the Hew Haven- cars, might have had a supervision over the driver of the car; but it does not appear, that, in point of fact, this conductor gave any direction in relation to these matters at all. We have, therefore, the case of the Harlem Company being the owners of the horses, and the driver being their servant, and in their immediate employ. Hnder these circumstances, it appears to me that the Harlem Company were alone liable, and that the judgment rendered against them should be affirmed with costs.