23  553
135  581
135  630

# THE OHIO AND MISSISSIPPI RAILROAD COMPANY v. DAVIS.

RAILROAD COMPANY—RECEIVER—DAMAGES.—Suit against the railroad company to recover damages for injuries resulting from a collision with the rolling stock of the company, under the management of her hands. On the trial the defendant offered evidence for the purpose of showing, under the general denial, that at the time of the committing of the alleged grievances the railroad was not in her possession, or in any manner under her control; that she did not employ, pay, or in any manner control the hands, servants, or agents engaged on the road in the running of trains, or in any other capacity, and that the servants who are charged with having committed said injury were not the servants of the company, or under her control, but that the railroad, with all its appurtenances, was

in the exclusive possession, use, and control of a receiver appointed by the *United States* District Court, who had the employment and control of all the hands used upon the road.

*Held,* that the evidence was material and relevant to the issue, and should have been admitted.

*Held,* also, that the possession of a receiver appointed by the court can not be regarded as the possession of the railroad company.

*Held,* also, that a railroad company can not be held liable for the act of any servant of a receiver appointed by the court.

COMPLAINT.—The averment that defendant ran the train with carelessness and gross negligence, wherefore, etc., is good upon demurrer.

APPEAL from the *Orange* Circuit Court.

RAY, CH. J.—This action was originally brought by the appellee in the *Lawrence* Circuit Court to recover damages for injuries sustained by him, resulting, it is alleged, from a collision with rolling stock of the appellant, under the management of her hands. The complaint avers " that he (appellee) was passing the track of said road with necessary care, at the usual and known place of crossing, and while he was passing said track, the said defendant, with carelessness and with gross negligence, and without giving any warning whatever, caused one of her engines to run upon said track with great speed, and without any signal whatever, and the said appellee being on such track, crossing the same with his cattle and carriage, and said engine, so carelessly and without signal run as aforesaid, was caused to come into collision, etc., and without any fault on his part; whereby," etc.

The action was subsequently transferred, upon the affidavit and motion of appellant, to the *Orange* Circuit Court. To the complaint a demurrer was filed, which was overruled by the court, and an exception reserved.

It is insisted that negligence is not sufficiently charged against the appellant. In our opinion, the ruling of the court upon the demurrer was right. The charge is, that the appellant ran the train with carelessness and with gross negligence. Answers were filed in several paragraphs, among which was the general denial. The bill of

exceptions shows that, on the trial of the cause, the appellant offered in evidence a transcript of a record of the *United States* Circuit Court for the district of *Indiana*, and the depositions of *Theodore Gazlay* and *Alexander H. Lewis*, all of which were so offered for the purpose of showing, under the general denial, that at the time of the committing of the alleged grievances, the appellant's railroad was not in her possession, or in any manner under her control; that she did not employ, pay, or in any manner control the hands, servants, or agents engaged upon the road in the running of trains, or in any other capacity, and that the servants who are charged with having committed said injury were not the servants of the company, or in any manner under her control; but the railroad and all its appurtenances and dependencies were in the exclusive possession, use, and control of one *Joseph W. Alsop*, a receiver appointed by the *United States* Circuit Court for the district of *Indiana*, and that he had the employment and control of all the hands, agents, and servants engaged upon the railroad or about the business thereof.

The appellee objected to the introduction of this evidence, on the ground that it was irrelevant and immaterial, and the court sustained the objection.

The complaint charges that the injury to the appellee resulted from the gross negligence of the appellant, in the management of the train. This was a material averment, and, unless sustained by proof, the plaintiff below can not recover in this cause.

The action is for damages resulting from the negligent act of a corporation; but the corporation could do no act save by its agents and servants, and proof which tended to show that the persons who committed the wrong were not the agents or employees of the corporation, would seem to be relevant and material.

This court held, in the case of *Crockett* v. *Calvert*, 8 Ind. 127, where *A* hired his wagon, team, and teamster to *B*, and during the bailment the team ran away, and ran against

*C's* horse, injuring him so that he died, that the teamster was the servant of the bailor and not of the bailee, and the bailor was the party liable for the injury. The decision rested upon the authority of *Quarman* v. *Burnett et al.,* 6 M. & W. 497, in which case *Baron Parke,* in delivering the opinion of the court, makes use of the following language: "Upon the principle that *qui facit per alium facit per se,* the master is responsible for the acts of his servant; and that person is undoubtedly liable who stands in the relation of master to the wrong-doer; he who selected him as his servant, from the knowledge or belief in his skill and care, and who could remove him for misconduct, and whose orders he was bound to receive and obey. And no other person than the master of such servant can be liable, on the simple ground that the servant is the servant of, and his act the act of, another." This case overruled *Bush* v. *Steinman,* 1 Bos. & Pull. 404, which has never been recognized as authority in this state.

The above decision was fully approved and the same principles recognized in the cases of *Rapson* v. *Cubitt,* 9 M. & W. 710; *Hobbitt* v. *North-western R. R. Co.,* 4 W. H. & G. 254; *Reedie* v. *Same, Id.* 244; *Knight* v. *Fox,* 5 Exch. 721; *Overton* v. *Freeman,* 11 C. B. 867; *Peachy* v. *Rowland,* 13 C. B. 182; *Sadler* v. *Henlock,* 30 Eng. L. & E. 167; *Steel* v. *S. E. R. R. Co.,* 32 *Id.* 366; *Scott* v. *Mayor, etc.,* 38 E. L. & E. 477.

The rule, so well considered and clearly established in *England,* has been followed very generally in this country. The case of *Blake* v. *Ferris,* 1 Seld. 48, applies the rule, where certain persons were permitted to construct a public sewer at their own expense, and employed another person to do it at an agreed price for the whole work, they were held not liable for injury resulting from the negligence of the contractors. The same court have again recognized the rule in *Stevens* v. *Armstrong,* 2 Seld. 435; *City of Buffalo* v. *Holloway,* 3 *Id.* 493; *Pack* v. *Mayor, etc. of New York,* 4 *Id.* 222; *Kelly* v. *Mayor, etc.,* 1 Kern. 432; *O'Rourke* v. *Hart,* 7 Bosw. 511. The Supreme Court of *Massachusetts,* in the

case of *Hilliard* v. *Richardson*, 3 Grey Rep. 349, after a careful review of the decisions, announce the law as thus settled by the weight of authority.

The decision in *De Forrest* v. *Wright*, 2 Mich. 368, is to the same effect. This is also the case of *City of Cincinnati* v. *Stone*, 5 Ohio (N. S.) 38; the same ruling was had in the case of *Painter* v. *The City of Pittsburg*, reported in Am. Law Reg., 1864, p. 350.

In the case of *Althorf, Adminstrator, et al.* v. *Wolfe*, 22 N. Y. 355, it was held that while the owner of fixed property is in general responsible, that it be so used as that others receive no injury, still he may absolve himself under some exception, as that the offender was there despite of due care to exclude negligent persons, by superior force, or in the employment of a third person having temporary control. That the same rule holds in regard to real and personal property, was decided in *Reedie* v. *London and North-western Railway*, 4 Exch. 244, and *Simons* v. *Monier*, 29 Barb. 419, except perhaps in the single instance where the act complained of in regard to real estate amounts to a nuisance.

In *Weyant* v. *The New York and Harlem Railroad Company*, 3 Duer, 360, the rule was applied to a case somewhat analagous to the one now under consideration. "*Weyant* was thrown out of his wagon and injured in *Canal* street by a car which belonged to the *New Haven Railroad Company*, but the horses which drew it, and the driver who was driving it, were in the employ of the defendants, the *Harlem Railroad Company*. The sole question which arose was, whether the *Harlem Railroad Company* or the *New Haven Railroad Company* was liable." It was held that the *Harlem Railroad Company* was liable. In *Fletcher* v. *Boston and Maine Railroad*, 1 Allen, 9, the court held the railroad company responsible for an injury occasioned by a want of proper care and prudence on the part of its servants in the management of a train which was under their exclusive care and control, although the trains belonged to another company, and decided that it was imma-

terial who in fact were the owners of the engine and cars constituting the train. "This must be so, for if a wrong was done, it was by those who had the exclusive direction and control of the train at the time, and no others." It was also decided in that case, "that if such injury results from the negligence of another railroad company which has a joint right with the defendants to use the defendant's track, *under a lease from the defendants*, and which is accordingly running trains over the defendant's road on its own account, the defendants are not responsible in this action." This decision of a court of eminent judicial learning is entitled to grave consideration.

The ruling of the Supreme Court of *Vermont*, in *Felton v. Deall*, 22 Vt. Rep. 170, has been repeatedly relied upon in later cases in other states. There the defendant, being the owner of a farm and ferry, leased them by parol to one *H*, for the term of one year, upon certain conditions, among which it was provided that the profits and proceeds of the farm should be divided equally between the defendant and the lessee; that the lessee should keep and manage the ferry at his own expense and labor, the defendant to put the boat in good order at the commencement of navigation, and the expense of subsequent repairs to be borne one-half by the defendant and one-half by the lessee; that the lessee should pay to the defendant, one-half of the receipts of the ferry weekly, during the continuance of the lease; that the lessee was to conduct all his business as such tenant, and to manage the said "farm and premises" so leased to him, in a careful, prudent, and husbandlike manner, and was to allow no one but a suitable man to attend the ferry, and was to be responsible to the defendant for "damages occasioned by willful misconduct or neglect in the management of the said farm and premises, and in the management of the said ferry, and the said scow and boat;" that court held "that by this agreement *H* became tenant of the defendant, both of the farm and ferry, and

that the defendant was not responsible for the negligence of *H* in so managing the ferry that damage had accrued to the person and property of a passenger in the boat."

In *Alabama*, an action was brought against the licensee of a ferry. He had given the bond required by law. The suit was brought to recover the value of a wagon and horses which had been lost in crossing the ferry. It was proved, on the part of the defendant, that at the time of the loss the ferry was in the possession of a lessee, to whom it had been rented by the defendant, and who was entitled to the ferriage. By a statute of *Alabama*, it was declared that no person should open or establish a public ferry without license, and a bond and security as prescribed. Yet it was held, that the action would not lie against the lessor of the ferry, for the reason that the tenant of the ferry was not his servant. *Ladd* v. *Chotard*, 1 Ala. Rep. 366.

The Supreme Court of *New York* approve and apply the law as stated in this last case, in *Blackwell, Adm'r* v. *Wiswall*, 24 Barb. Rep. 355; and they held also "that, although, as between the defendant and the government, the defendant might have been guilty of a breach of duty when he made the contract to lease the ferry to another, yet that such breach was not *per se* a wrongful act, for which an action would lie in favor of a stranger; that it would still be necessary to show, in order to maintain an action founded upon the mere fact that the defendant had thus leased the ferry, that by this very act he had been guilty of a wrong which had resulted in injury to the plaintiff." The same court held "that the lessor of a ferry is not liable for the torts of the lessee or his servants. The doctrine of *respondeat superior* can not apply, as the relation between lessor and lessee is not that of partners, nor master and servant, nor agency." *Norton* v. *Wiswall*, 26 Barb. Rep. 618.

In a recent case, an application of the law theretofore announced in that court, has been made, which, unless disregarded by us, must be decisive of the question under

consideration: "Where D and M had an absolute contract with a railroad company to draw its cars over a certain portion of the road, to furnish the horses and drivers for that purpose, and to assume the entire control of the work," it was held "that, while D and M were in the performance of this contract, the railroad company could not be made liable for the negligent acts of D and M's employees." Schular v. Hudson River Railroad Company, 38 Barb. S. C. 653.

We are satisfied, from the consideration of the authorities cited, that the evidence offered by the defendant in this case was material, and relevant to the issue. While we are not required to determine that a corporation which has received special powers and privileges from the legislature, and assumed certain duties and liabilities to the public, may, while retaining her charter franchise, relieve herself from her liabilities by a lease of her road to other parties, we regard it as very clear, upon principle, that she can not be held liable for the act of any servant of a receiver appointed by the court.

It may be argued that the possession of the lessee is but to the public, that of the lessor. The possession of the receiver can not, however, be regarded as the possession of the railroad company, but is in every view antagonistic thereto. "The receiver is under the control of the court that appointed him, and his possession is the possession of the court." Angel v. Smith, 9 Ves. 335; Wiswall v. Sampson, 14 How. S. C. 52. The acts of the receiver are not the acts of the corporation, nor can she control either the receiver or his employees. An attempt to exercise such authority would be resisted by the courts. It would be a severe rule which would render the railroad company responsible for the negligence of the agent of the court that had deprived her of the possession and enjoyment of her road—bed, track, and equipments. We have been referred to no decision, and are aware of no principle of law which would impose such a liability. The case of The

*Ohio and Mississippi Railroad Company* v. *Fitch*, 20 Ind. 498, while doubtless regarded as controlling the ruling of the court below in this case, has since then been fully explained, upon all points in which the opinion therein rendered can be regarded as authority, by the later decision of this court, in *McKinney* v. *The Ohio and Mississippi Railroad Company*, 22 Ind. 99. The liability imposed in the cases cited from our reports was statutory, and did not arise from the negligent act of the servants of the corporation, and the rule *respondeat superior* could have no application.

It can not be insisted that any special hardship results to the appellee from this ruling, for it must not be assumed that a party who suffers from the negligent act of the servants of a receiver is without remedy. The court can not permit her possession to result in wrong to one without fault, but, upon sufficient proof, will grant the relief to which the sufferer may be entitled. To that forum his petition should be addressed.

As the application of the principle we have considered, to the case of a corporation whose property is in the possession of a receiver, involves important consequences, and the question is before the court for the first time, we have felt it proper to press the examination of authorities beyond the limits of the decisions with which counsel have favored us, and have therefore reviewed at some length the application of the rule to the various cases presented in other courts.

The evidence offered in the case now in judgment being relevant, was clearly admissible under the general denial, as it tended to controvert a material allegation of the complaint. 2 G. & H. 113, sec. 91. *Schular* v. *The Hudson River Railroad Company*, supra; *Hart* v. *New Orleans and Carrolton Railroad Company*, 4 Lou. 261.

For the error in excluding the evidence offered by appellant, and in overruling the motion for a new trial, this cause is reversed at the costs of the appellee, and

remanded for further proceedings, in accordance with this opinion.

*Theodore Gazlay, Carter Gazlay,* and *Malott & Cobb,* for appellant.

*James Collins* and *Gideon Putnam,* for appellee.