MOBILE AND OHIO RAILROAD COMPANY ET AL. *v.* A. DAVIS.

1. CHANCERY PRACTICE. *Dismissal "without prejudice." New suit.*
   The decree of a court of chancery dismissing a bill "without prejudice" does not bar a subsequent suit upon the same cause of complaint. *Ragsdale* v. *Vicksburg and Meridian Railroad Co., post.*

2. RAILROAD. *Earnings in hands of receiver. Liable for expenses. Injuries to persons and property.*
   The earnings of a railroad while in the hands of a receiver are chargeable with the expenses of operating the road, and damages for injuries to persons or property are included in such expenses.

3. SAME. *Property bought by receiver. Claims thereon after his discharge.*
   And property paid for with such earnings and surrendered to the railroad company under a decree discharging the receiver may be subjected to the payment of a claim incurred while the road was being operated by the receiver, if no third party's rights have intervened and the claimant was given no opportunity to enforce his claim before the discharge of the receiver.

4. RAILROAD. *Remedy of claimant.*
    The remedy of the claimant in such case is by a bill in chancery, he having
        no cause of action at law against either the ex-receiver or the railroad com-
        pany.

5. SAME. *Receivership in federal court.    Termination of exclusive jurisdiction.*
    Where the receiver appointed by a federal court to take charge of the prop-
        erty of a railroad company has been by its decree discharged and directed
        to surrender the property of the railroad company, that is a termination of
        that court's exclusive jurisdiction over claims against such property.

APPEAL from the Chancery Court of Clay County.

HON. F. A. CRITZ, Chancellor.

The Mobile and Ohio Railroad Company having failed to pay the interest on its mortgage bonds in 1874, the mortgagees filed in the United States Circuit Court for the Southern District of Alabama a bill in equity for the foreclosure of their mortgage. That court in 1875 appointed William Butler Duncan receiver of the property and franchises belonging to the defendant railroad company, and his appointment was concurred in by the United States Circuit Court for the Southern District of Mississippi by its decree rendered in a proceeding ancillary to the main suit in Alabama. Duncan, as receiver, took control of the road and operated it under the orders of those courts.

While this suit was pending and before the rendition of a decree of foreclosure, the railroad company agreed upon an adjustment with the complainants, gave new bonds for its indebtedness, and to secure the same executed a deed of trust upon its road-bed and other property to the Farmers' Loan and Trust Company, as trustees, for the benefit of the bondholders, and on the 24th of January, 1883, a consent decree was entered in the United States Circuit Court for the Southern District of Alabama discharging Duncan as receiver, dismissing the suit, and ordering him to surrender to the railroad company all the property held by him as receiver, which he accordingly did. On the 10th of February, 1883, a similar decree was rendered in the United States Court for the Southern District of Mississippi.

On the 20th of December, 1883, A. Davis filed a bill in chancery

in the United States Circuit Court for the Southern District of Mississippi, alleging that on the 19th of January, 1883, while Duncan, as receiver, was operating the Mobile and Ohio Railroad as a common carrier of passengers, complainant was a passenger on one of the regular passenger trains on that road, and in attempting to get off of the train at West Point, in Clay County, in this State, that being his destination, he received severe bodily injuries, occasioned by the negligence and mismanagement of the officers of the train, who were the employees of the receiver; that this railroad traverses many counties of this State, including the county of Clay, and that a large portion of the property delivered to the company by Duncan as receiver and now being used in these counties was paid for out of the earnings of the road while operated by the receiver; that the complainant had no notice of the decree discharging the receiver till long after the rendition thereof; that Duncan had no right to turn over to the railroad company the property held by him as receiver without giving the complainant an opportunity to propound his claim, and the company was not entitled to receive such property until complainant's claim had been adjusted; that complainant has a valid charge against the property bought by the earnings of the road as above stated for the payment of his claim; that the rights of no third parties have intervened; that complainant is advised that Duncan is not liable personally for the injury done him; that none of the defendants can be made responsible therefor by an action at law, and that his remedy is alone by a bill in chancery. The railroad company, Duncan, and the Farmers' Loan and Trust Company were made defendants to the bill. They demurred to it, and on the 23d of May, 1884, the court rendered a decree dismissing the complainant's bill, but "without prejudice."

On the 2d of June, 1884, the present suit was instituted by the same complainant against the same defendants upon the same cause of action and by a similar bill. The railroad company plead (1) that it is not liable for the injury complained of, because it occurred while the road was in the hands of the receiver; and (2) that the subject-matter of the bill was made *res adjudicata* by the

decree of the federal court dismissing a similar bill. Duncan plead (1) that the cause of complaint is *res adjudicata;* and (2) that the decrees discharging him as receiver, dismissing the cause in the federal courts, and restoring the property to the railroad company were absolute and final in express terms, except as to suits then pending against him as receiver, and the complainant had no suit pending at that time. The pleas of the Farmers' Loan and Trust Company presented some of the same defenses as were made by each of the other defendants.

The court below adjudged the pleas of Duncan and of the railroad company to be insufficient in law, and ordered them to answer the bill, whereupon they appealed to this court.

*Frank Johnston & E. L. Russell,* for the appellants.

On well-recognized principles of law the pleas of *res adjudicata* are sufficient and present a complete bar to this suit. *Perry* v. *Lewis,* 49 Miss. 443; *Shattuck* v. *Miller,* 50 Miss. 391; *Agnew* v. *McElroy,* 10 S. & M. 552; *Johnson* v. *White,* 13 S. & M. 584; *Steward* v. *Stebbins,* 1 Geo. 66.

The railroad company is not liable for a tort committed by the employees of the receiver during his receivership. *M. & O. R. R. Co.* v. *Davis,* 23 Ind. 560; *Angell* v. *Smith,* 9 Ves. 335; *Wiswall* v. *Sampson,* 14 How. S. C. 52; *Bell* v. *Indianapolis, C. & L. R. R. Co.,* 53 Ind. 57; *Rogers* v. *M. & O. R. R. Co.,* 17 Cin. Law J. 290; *Metz* v. *Buffalo, C. & P. R. R. Co.,* 58 N. Y. 66; 7 Fed. Rep. 537. "True, if profits were earned [by the receiver] they would inure to the benefit of the defendant [the railroad company] by becoming assets for the payment of debts. But this did not make it liable for the conduct of those in no sense its employees and servants." 58 N. Y. 66.

If, therefore, the company is not liable, meaning necessarily in any form of proceeding, though it received profits directly or indirectly, it logically follows that its property cannot be reached for this sort of claim. For the property of the company owned by it and restored to its possession can only be reached through the liability of the corporation.

It must follow, *a fortiori,* from these authorities, that neither the

mortgagees nor their interest in the property can be reached by a party propounding a claim of this precise character.

The receiver is not personally liable for the injury complained of. There being no personal liability for this alleged *tort*, the possession of the property being that of the court, the complainant's remedy was clearly to proceed during the receivership, and pending that proceeding in the Circuit Court of the United States for the Southern District of Mississippi, by permission of that court, against Mr. Duncan in his capacity as receiver.

That court clearly had the power, and the exclusive power, of permitting its receiver to be sued.

The complainant had no lien upon or title to the property surrendered to the railroad company by the receiver.  On this point the decision of Judge Love in *Farmers' Loan and Trust Co.* v. *Central Railroad* is referred to.  After reviewing the general questions as to the character of suits against receivers and their liabilities, the learned judge said : " If a receiver had been discharged and the property turned over unconditionally and without reservation, I am at a loss to see what legal remedy claimants without established liens would have."  And then, taking the decree as the sole inquiry and test, he allowed the suit because within the express terms of the decree.  In principle this decision is precisely in point.  *Farmers' Loan and Trust Co.* v. *Central R. R. Co.*, 7 Fed. Rep. 537 ; S. C., 2 McCreary 182.

The United States Circuit Court for the Southern District of Mississippi had plenary and exclusive power to discharge the receiver and dispose of the property in his hands, and this power has been fully exercised.  The complainant lost his remedy by his failure to sue the receiver before the discharge of the latter.  He was not entitled to notice of such discharge.  But the suit was a *lis pendens* and notice to all parties within the jurisdiction of the court. Story's Eq. Ju., § 405 ; Wade on Notice, § 340.

*Frank Johnston & R. C. Beckett*, of counsel for the appellants, argued the case orally.

*L. F. Bradshaw, L. Brame, & H. H. Parker*, for the appellee.

1. It is not true, as alleged, that complainant has an adequate

remedy at law. The receiver could not be held personally liable in an action at law. High on Receivers, § 255 and notes; *Commonwealth* v. *Runk*, 26 Penn. State 235; *Meara* v. *Holbrook*, 20 Ohio State 137; *Klein* v. *Jewett*, 26 N. J. Eq. 474.

The M. & O. R. R. Co. is not liable at law, because it did not inflict the injury, the road then being in the hands of the receiver. *R. R. Co.* v. *Davis*, 23 Ind. 553; *Bell* v. *R. R. Co.*, 53 Ind. 57; *Turner* v. *R. R. Co.*, 74 Mo. 602; *Metz* v. *R. R. Co.*, 58 N. Y. 61.

2. It is the *fund or property* which owes the debt, and this is liable in a court of equity. In the case of *Klein* v. *Jewett*, 26 N. J. Eq. 474, the court uses the following language: " The injuries having been inflicted while the road was under the control of the receiver, and he being liable in his official capacity for the damages, I think they, together with the taxed costs of the proceedings for their recovery, should be paid out of the current earnings of the road. The claim, in my judgment, may be properly included in the expenses incurred in operating the road, and should be paid out of the fund appropriated for that purpose." So also *Barton* v. *Barbour*, 104 U. S. 126, and *Cowdrey* v. *R. R. Co.*, 93 U. S. 352.

In *Burnham* v. *Bowen*, 111 U. S. 776, the court held that if the current income of a railroad in the hands of a receiver is diverted to the improvement of the property, and a mortgage thereon is foreclosed without payment of the current debts and expenses for operating the road, *a court of equity would decree that the money be paid back by the owners of the road.*

3. The decree discharging the receiver is no bar to the relief sought here. Complainant was not a party to the proceedings in the federal court, and had no knowledge or notice of the proceedings or of the application for a discharge until long after the entry of the decree. It was the duty of the receiver to bring this matter to the attention of the court, in order that the claim might be audited and allowed out of the fund.

4. It is no answer to contend that this suit cannot be brought in this court for an injury sustained while the property of the railroad company was in the hands of a receiver of the federal court,

without permission of that court. No permission is necessary, because there is no receivership pending in the federal court.

5. The decree dismissing the complainant's bill in the federal court was " without prejudice " and is no bar to this suit.

*L. Brame*, of counsel for the appellee, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

Appellee is without adequate remedy at law. It is admitted in the bill that Duncan is not personally liable for the injury complained of. The dismissal of appellee's bill in the federal court was without prejudice and was not a bar to this suit. *L. A. Ragsdale* v. *V. and M. R. R. Co., post.* The earnings of the road in the hands of the receiver were chargeable with the expenses of operating the road, and injuries to person or property are included in such expenses. *Klein* v. *Jewett*, 26 N. J. Eq. 474 ; *Cowdrey* v. *R. R. Co.*, 93 U. S. 352. Property purchased and paid for out of the income of the road while in the hands of the receiver is liable in equity, when the rights of third parties have not intervened, for the satisfaction of claims incurred in operating the road under the receiver. *Burnham* v. *Bowen*, 111 U. S. 776. It was not competent for the receiver, or the court under which he acted, to divert or invest the earnings of the road while in his possession in property for the railroad company, and then deliver the property to that company free from claims which were a charge on such earnings, without the holders of such claims having an opportunity to enforce them. The exclusive jurisdiction of the federal court over the subject-matter of this suit terminated with the final decree of that court discharging the receiver and directing him to surrender all the property in his possession as such receiver to the railroad company.

*Affirmed.*