WILLIAM A. ARCHAMBEAU *vs.* NEW YORK AND NEW
ENGLAND RAILROAD COMPANY.

Worcester.    October 6, 1897. — February 23, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Receivers of Railroad — Action — Pleading.*

An action of tort for personal injuries sustained by an employee while a railroad
was in the hands of receivers, cannot be maintained against the new corpora-
tion after the receivers have turned over the property to it; and this defence is
admissible under a general denial.

TORT, for personal injuries occasioned to the plaintiff on Au-
gust 30, 1895, while acting as a brakeman upon the freight cars
of the Norwich and Worcester Railroad Company.    The answer
was a general denial.

Trial in the Superior Court, before *Hopkins*, J., who directed
a verdict for the defendant, and reported the case for the deter-
mination of this court, in substance as follows.

The defendant put in evidence a copy of the decree of the
Circuit Court of the United States for the District of Massachu-
setts, dated January 26, 1894, appointing one Platt of New York,
and one Perry of Providence, Rhode Island, receivers of all the
property of the defendant, including the railroads owned and
operated by it.    It was agreed that, prior to the date of the
decree, the defendant was in occupation of and operating the
railroad of the Norwich and Worcester Railroad Company
under the lease of that company to the Boston, Hartford, and
Erie Railroad Company, dated February 9, 1869.    It appeared
that some of the persons in the employ of the New York and
New England Railroad at the time of the decree aforesaid were
continued in the employ of the receivers as their servants in
operating the road.    It also appeared that the receivers entered
upon the possession of all the property of the defendant railroad
at the time of their appointment, and continued exclusively to
occupy and operate the same until midnight of August 31, 1895,
when they turned all the property over to the New England Rail-

road Company, which corporation has operated the same ever since.

The plaintiff contended that this defence was not open under the defendant's answer, and also contended that the decree appointing the receivers did not relieve the railroad from liability.

If the verdict ordered was right, judgment was to be entered thereon; otherwise, there was to be a new trial.

The case was argued at the bar in October, 1897, and afterwards was submitted on briefs to all the justices.

*W. A. Gile & C. T. Tatman*, for the plaintiff.

*F. P. Goulding & W. C. Mellish*, for the defendant.

HOLMES, J. This is an action of tort for personal injuries sustained while the defendant's road was in the hands of receivers. It happened that the next day after the accident the receivers turned over the property to a new corporation, so that the case suggests a possible hardship. But in the opinion of a majority of the court the defendant cannot be made liable on that account for an act done by persons who were not its agents or servants, but were put in control of its property by an adverse act. *Ohio & Mississippi Railroad* v. *Davis*, 23 Ind. 553. *Turner* v. *Hannibal & St. Joseph Railroad*, 74 Mo. 602. *Memphis & Little Rock Railway* v. *Stringfellow*, 44 Ark. 322, 324. *Kansas Pacific Railway* v. *Searle*, 11 Col. 1. *Memphis & Charleston Railroad* v. *Hoechner*, 14 C. C. A. 469. *Metz* v. *Buffalo, Corry, & Pittsburgh Railroad*, 58 N. Y. 61, 66. *Brockert* v. *Central Iowa Railway*, 82 Iowa, 369. *Texas & Pacific Railway* v. *Huffman*, 83 Tex. 286. High, Receivers, (3d ed.) § 396. Beach, Receivers, (2d ed.) §§ 384, 726. Elliott, Railroads, § 581. The special grounds upon which it has been thought proper to charge a corporation to the extent of property in its hands paid for out of income by the receiver do not exist. *Mobile & Ohio Railroad* v. *Davis*, 62 Miss. 271. *Texas & Pacific Railway* v. *Johnson*, 76 Texas, 421; *S. C.* 151 U. S. 81, 99. As the defence shows that the defendant did not do the acts complained of, it is admissible under a general denial. *Ohio & Mississippi Railroad* v. *Davis*, 23 Ind. 553, 561.

*Judgment on the verdict.*