# CASES

# APPELLATE COURTS OF ILLINOIS.

## Fourth District—February Term, 1882.

Ohio and Mississippi Railroad Company

v.

John Anderson.

1. RECEIVERS OF RAILROADS—LIABILITY FOR INJURIES TO SERVANTS.
—Receivers of a railroad company are vested with its absolute control, and
are liable in their representative capacity for injuries resulting from operating
the road, to the same extent that the company itself would be liable.

2. COMPANY IN HANDS OF RECEIVER NOT LIABLE.—Where a railroad
is in the hands of a receiver, the possession of such receiver is antagonistic
to the corporation, and the latter is not liable for injuries resulting from the
operation of the road by the receiver.

3. PLEA.—A plea that at the time of the injury complained of, the defend-
ant corporation was in the hands of a receiver appointed by the court, etc., is
not defective because it fails to set out the order appointing such receiver.
It is not required to set out the evidence in a plea.

ERROR to the Circuit Court of St. Clair county; the Hon.
WM. H. SNYDER, Judge, presiding. Opinion filed April 14,
1882.

Mr. C. A. BEECHER and Mr. GARLAND POLLARD, for plaintiff
in error; that the possession of the receiver is not the possession
of the corporation, and the latter is not liable for injuries caused
by operating the road by the receiver, cited High on Receivers,
260; O. & M. R. R. Co. v. Davis, 23 Ind. 553.

Although a plea amounts to the general issue, that objection can be reached only by special demurrer: Cook v. Scott, 1 Gilm. 833; Abrams v. Pomeroy 13 Ill. 133; Cushman v. Hays, 46 Ill. 145; Ogden v. Lucas, 48 Ill. 492.

The plaintiff having full knowledge of the perils of the business, took upon himself the usual risks of the service: Nayler v. C. & N. W. R'y Co. 13 Chicago Legal News, 120; Dillon v. U. P. R. R. Co. 3 Dill. 319; Shearman & Redfield on Negligence, § 94; Clark v. C. B. & Q. R. R. Co. 92 Ill. 43; St. L. & S E. R'y Co. v. Britz, 72 Ill. 256; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Wonder v. B. & O. R. R. Co. 32 Md. 411; Smith v. St. L. R. R. Co. 69 Mo. 32; Deavitt v. Pacific R. R. Co. 50 Mo. 302; Cagney v. H. & St. J. R. R. Co. 69 Mo. 416; I. B. & W. R. R. Co. v. Flanagan, 77 Ill. 365; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; 2 Thompson on Negligence, 983.

Messrs. HAY & KNISPEL, for defendant in error; that a copy of the order appointing a receiver should be set forth in the plea, cited High on Receivers, § 396; O. & M. R. R. Co. v. Fitch, 20 Ind. 498.

It is the duty of the employer to provide all appliances necessary to the safety of the employe: C. & N. W. R'y Co. v. Taylor, 69 Ill. 461; C. & N. W. R'y Co. v. Swett, 45 Ill. 197; Perry v. Ricketts, 55 Ill. 234; Hough v. T. & P. R'y Co. 100 U. S. 213; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Fairbanks v. Haentsche, 73 Ill. 236; T. W. & W. R. R. Co. v. O'Connor, 77 Ill. 391.

An employer is directly liable to an employe for his own negligence: Ardiss Oil Co. v. Gibson, 63 Pa. St. 146; Fifield v. Northern R. R. Co. 42 N. H. 225.

It is his duty to avoid exposing his servants to extraordinary risks: Wonder v. B. & O. R. R. Co. 32 Md. 411; Hardy v. C. R'y Co. 76 N. C. 5; Hill v. Gust, 55 Ind. 45.

Upon a demurrer to the evidence, the testimony must be taken most strongly against the demurrant: Fent v. T. P. & W. R'y Co. 59 Ill. 349; Phillips v. Dickerson, 85 Ill. 11.

CASEY, P. J. John Anderson, the defendant in error, brought suit against the plaintiff in error to recover damages for a per-

sonal injury, alleged to have been sustained while in the employ of plaintiff in error. It is charged in the declaration that the plaintiff in error was at the time of the injury operating a steam shovel in digging down and removing a certain hill or bank, and that the plaintiff was in the employ of the company as a laborer, in laying a track before said shovel and assisting in the work of digging down and removing said bank; that it was the duty of said company to have and keep said machinery and necessary appurtenances in good condition and repair, and provide its servants engaged in said work with all necessary instrumentalities to the effective and safe performance of said work, so as to prevent accidents to said servants; that defendant, not regarding its duty in this behalf, did not use proper care and precaution to prevent caving or sliding of the dirt of said bank, and did not furnish its said servants with powder, or other blasting material, with which to blast and throw down quantities of said dirt, sand, gravel and stone, which was necessary to obviate the necessity and danger of digging under the same. That said defendant negligently failed to supply its said servants with powder or other blasting material, for the purpose of blasting as aforesaid, but required its servants to dig into and under said bank, so as to render their occupation unsafe and dangerous, in this, that the said embankment was liable to cave in and fall upon said servants; that while engaged in assisting to operate the shovel in excavating said embankment, and while the said shovel was in operation, digging down and removing said embankment, a large portion of said embankment, without any negligence on the part of the plaintiff, or of any of the other servants of the defendant then engaged in said work, but in consequence of the failure of the defendant to provide its said servants with powder or other blasting material, caved and fell upon the plaintiff, and thereby broke his leg, etc. That at and before the time the plaintiff was injured, the defendant had full notice and knowledge of the necessity of the use of powder, or other blasting material, in the work of digging down and removing said embankment, in order to prevent accident and injury to its servants, and that plaintiff had no

knowledge of the same, etc. To this declaration the defendant filed the general issue, and a special plea averring "that at the time of the injury in the declaration alleged, John King, Jr., was operating the said Ohio and Mississippi Railway company, and had the sole and exclusive charge and control thereof, and of the excavations and works, and the workmen engaged thereon, including the plaintiff as set out in said declaration, as receiver of the said railroad, and all the property of the said Ohio and Mississippi Railway Co., defendant, by virtue of an order of the Circuit Court of the United States for the Southern District of Illinois, then in full force, and that at the said time when, etc., the said defendant had no authority or control over the operations of said road in any of its departments, or over excavations or the workmen engaged thereon, including the plaintiff, as set out in said declaration." To this plea the plaintiff filed a general demurrer, which was sustained by the court. The defendant elected to stand by its plea upon a trial; the judgment of the circuit court was for the plaintiff, and the cause is brought to this court by a writ of error.

The second error assigned is, that the court erred in sustaining the demurrer to the special plea filed by defendant setting up the receivership.

Receivers of a railroad company are vested with its absolute control and management, and are thus liable in their representative capacity for injuries resulting from operating the road to the same extent that the company itself might have been liable. It would seem to be clear upon principle, and in the absence of an absolute liability created by statute, that the corporation itself can not be held responsible for the negligence of servants of a receiver operating the road over whom it has no control. The receiver's possession is not the possession of the corporation, but is antagonistic thereto, and the company can not control either the receiver or his employes.

In the case of Schuler v. Hudson River Railroad Company, 38 Barb. S. C. 633, it was held that " where D and M have an absolute contract with a railroad company, to draw its cars over a certain portion of the road, to furnish the horses and drivers for that purpose, and to assume the entire control of the work,

O. & M. R. R. Co. v. Anderson.

that, while D and M were in the performance of their contract, the railroad company could not be made liable for the negligent acts of D and M's employes. In the case of the O. & M. R. W. Co. v. Davis, reported in 23 Indiana, page 553, it was held after an exhaustive research of the authorities, that the possession of a receiver appointed by the court can not be regarded as the possession of the railroad company, and that a railroad company can not be held liable for the act of any servant of receiver appointed by the court. The same principle is held in Fletcher v. Weston, 1 Marvin Railroad, 10 Allen, 9; Wegant v. The N. Y. & H. R. R. Co. 3 Duer, 360; Felton v. Deall, 22 Vt. 170; Ladd v. Chotard, 1 Ala. 366; August v. Smith, 9 Vesey, Jr. 325; Westball v. Sampson, 14 How. S. C. 52.

From an examination of these authorities, we think it very clear that the court erred in sustaining the demurrer to the second plea. The plea on its face showed a clear defense to the action. It is insisted by the defendant in error that the plea is defective, because it did not set out the order appointing the receiver. This position is not well taken, because the statute does not require that the evidence should be filed with the plea, and neither can it be said that the receiver was acting as the agent of the company, because, as we have already seen, his interest is antagonistic to that of the company. The railroad is in possession of an officer of the court. If a wrong has been done, the party injured must seek redress against the party in possession and controlling the road, through the tribunal making the appointment of the receiver, or by its permission.

The judgment of the circuit court is reversed and the cause remanded, with instructions to overrule the demurrer to the special plea.

Reversed and remanded.