# W. N. HICKS v. INTERNATIONAL & GREAT NORTHERN R. R. CO.

## IN THE SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Railroad Company—Liability.*—While the railway of appellant was in the hands of a receiver, having power to operate the same as a common carrier, the company is not liable for injuries received through the negligence of the receiver or his servants.

*Receivership—Liability.*—Any liability for injuries so occasioned was a liability of the receivership, to be enforced against any funds in his hands subject to its payment.

Appeal from Rusk county.

Steadman, Jones & Wynne. for appellant.

F. B. Sexton, for appellee.

Stayton, J.: This action was brought by appellant against appellee, to recover damages for injuries which he alleged were received through the negligence of the appellee or its servants. It appears that at the time appellant was injured, the railway of the appellee, with all its appurtenances, was in the exclusive control and management of R. S. Hays, who had been appointed receiver of the property of the appellee by the Circuit Court of the United States, at the suit of certain of its mortgage bondholders. The receiver, by the order appointing him, was directed to operate the road as a common carrier, and the appellee was enjoined from in any manner interfering with his management.

Sometime after the suit was instituted, application was made to the Judge of the United States Court, in which the receiver was appointed for leave to sue the receiver in the District Court of Rusk county. Permission so to sue was refused, probably on account of the delay in making the application.

There is nothing in the record in this case, as there was in the case of the I. & G. N. R. R. Co. v. Ryan, decided at the present

term, tending to show a liability on the part of the appellee, unless it can de held that the mere fact, that at the time the appellant is alleged to have been injured, the railway on which he was injured was the property of the appellee, is sufficient to render it liable for an injury resulting from the negligence of the receiver or his servants. In the case referred to, that question was considered, and for the reasons there given, and upon the authorities there cited, without again going into the consideration of the question, we hold that the charge of the court complained of in this case was not erroneous. That charge was as follows: "You are further instructed, that if you believe from the evidence, that, about the 1st day of April, 1878, that all the property of the International and Great Northern Railroad Company, was by order of the Circuit Court of the United States, for the Western District of Texas, placed in the hands of R. S. Hays, as the receiver of said railroad company, and that at the time of said injury for which plaintiff sues, the said Hays was still acting as the receiver of said company under the order of the court, then the plaintiff cannot recover, and if you so find, you will find for the defendant."

This charge was general in its terms, but considered in the light of the uncontroverted facts in proof, which showed that the railway was under the exclusive control, and management of the receiver at the time appellant was injured, it was not erroneous. Any liability which may have existed to the appellant, was a liability of the receivership to be enforced against any funds in his hand subject to the payment. The claim which appellant sought to enforce, was not one personally binding on the railroad company, although its property while in the hands of the receiver may have been subject to its payment.

This being true, the facts that all the property was subsequently sold by the receiver, under order of court, and was purchased by other persons who subsequently reconveyed the same to the railway company, could not create an obligation on the company which before such reconveyance did not exist. If the claim of appellant had been one for which the company was primarily liable, as the appointment of a receiver did not destroy its corporate existence, it would still be liable. The claim however, as before said, was not one for which the appellee was liable as a corporation; and it could not become liable by the repurchase of property which it had formerly

owned. By the sale made by the receiver, it not being shown to be collusive, the title to the property, the income of which while in the hands of the receiver, would have been subject to the payment of appellants claim had it been established against the receiver, passed to the purchaser freed from the claims of those persons holding claims against the receiver, and so the appellee, under the facts shown in this cause, took it.

It is not shown in this case that the appalee undertook in any way to satisfy such claims as persons held against the receivership as it was shown in the case before referred to.

It does not become necessary for us to consider in this case, whether the appellant might have brought his suit in a court of law to establish his claim against the receivership, without the consent of the court that appointed the receiver.

The special charge asked by the appellant was correctly refused, for it assumed a state of facts not made by the evidence and pleading, and in many respects, already considered, was erroneous.

The case of O. & M. R'y. Co. v. Nickless, 73 Ind., 383, relied on by appellant, has been carefully considered, but we do not see that it has application to this case. It appears in that case that a cause of action existed against the railway company, and that it pleaded in abatement of his action, the fact that the road, together with all other property, *at the time the suit was brought*, was in the hands of a receiver, and that by the orders of the court it was forbidden to pay any debt or to adjust any claim. To this plea a demurrer was sustained, and properly sustained; and the defendant seems to have considered the ruling so manifestly right that the ruling was not brought in question on appeal by a considered assignment of error.

In the ruling of the court below in that case, we have simply the ruling that a railway company may be sold for a debt due by it, notwithstanding its property may be in the hands of a receiver at the time the suit is brought. We see no error in the judgment and it is affirmed.