## WINCHESTER et al. v. DAVIS PYRITES CO.

(Circuit Court of Appeals, Third Circuit. March 22, 1895.)

### No. 5.

1. CONDITIONAL SALE—ASSIGNABILITY—RECEIVERS—EQUITY.

By a written contract, there was sold "the sulphur contents in about 5,000 tons * * * of Small's Pyrites"; the ore to be burned by the purchaser, and the cinder remaining after extraction of the sulphur to be the property of the seller. The purchasing company failed, and receivers were appointed, who operated the works for some time, but ceased finally to do so, leaving some of the ore on hand still unburnt. *Held*, that the contract was not assignable, that the receivers had no right to sell the unburnt ore for the benefit of their trust, and that equity could only be done by returning the same to the sellers. 64 Fed. 664, affirmed.

2. SAME—CLAIMS BY STRANGERS—PROCEDURE.

Where property in the hands of receivers is claimed by persons not parties to the suit in which they were appointed, the proper procedure is to file a petition asking the court for an order on the receivers for delivery of the property. 64 Fed. 664, affirmed.

Appeal from the Circuit Court of the United States for the District of Delaware.

This was a petition of intervention filed by the Davis Pyrites Company against James P. Winchester and Francis N. Buck, receivers of the Walton & Whann Company, asking the delivery to it of certain property held by said receivers. The circuit court granted the petition, and accordingly entered an order directing the receivers to comply therewith. See 64 Fed. 664, where the opinion delivered by Wales, District Judge, will be found reported at length. The receivers appealed.

Lewis C. Vandegrift, for appellants.

Arthur W. Spruance and W. C. Spruance, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

DALLAS, Circuit Judge. The action of the court below was clearly right. The opinion filed by the learned judge of that court fully states the case, and also relieves us from discussion of the questions of law which he considered. Briefly stated, the material facts are these: The appellee sold to the Walton & Whann Company "the sulphur contents in about 5,000 tons * * * of Small's pyrites." The ore was to be burned by the purchaser of the sulphur, and the cinder remaining after the extraction of the sulphur was to be the property of the seller. Such, among others,

are the terms of the written agreement, the indubitable effect of which, as a whole, was, in our opinion, to require that all ore delivered should be burned, and that no part of it should be otherwise disposed of. The custody of the property of the Walton & Whann Company was taken by the court below, and passed into the hands of receivers of its appointment, who are the present appellants. The receivers found at the works of that company a considerable quantity of the unburnt ore which had been accepted by it under the contract which has been mentioned. Continuing for a short time to operate the then existing plant, the receivers burned some of this ore, and with respect to the part so burned there is no controversy. There remained, however, about 1,300 tons of unburnt ore, which it was admitted the receivers did not intend to—in fact, could not—burn, but which they proposed to sell for the benefit of their trust. This state of affairs was properly brought to the attention of the court by petition of the appellee for return of the unburnt ore to it, and we are at a loss to conceive upon what ground a court of equity could, under the circumstances, have refused compliance with this request. Retention of the ore could not have been rightfully persisted in, and the obligation to burn it be repudiated. Performance of that condition being precluded by controlling circumstances, equity could be done only by relinquishing the property to which it related. In no other way was it possible to discharge the debt of justice incurred by the court upon its assumption of the possession. The decree of the circuit court is affirmed.