## Mrs. J. W. Hutchinson et al. v. Ernest A. Sine et al.

1. APPELLATE COURT PRACTICE—*Where the Judgment Has Been Erroneously Entered.*—Where the clerk of the trial court in writing up the judgment makes an erroneous entry of judgment against one not brought under its jurisdiction, the judgment must be reversed and the cause remanded generally.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed January 16, 1903. Rehearing denied February 3, 1903.

C. O. GARMIRE and GRANT NEWELL, attorneys for appellees.

WILLIAM GIBSON and F. W. BECKER, attorneys for appellants.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Judgment was entered in this case, reciting as follows : " Therefore it is considered by the court that the plaintiffs do have and recover of and from the defendants, Mrs. J. W. Hutchinson, S. S. Hutchinson and W. S. Hemby, his said damages of $1,154.17 in form as aforesaid by the jury assessed, together with his costs and charges in this behalf

expended, and have execution therefor." It appears that while the suit as begun included the three defendants named against whom the judgment was rendered, only two of them were served with summons, and the third defendant, W. S. Hemby, who was not served, never entered his appearance. He does not appeal, and the attention of the trial court does not seem to have been called to the erroneous entry of judgment against one not brought under its jurisdiction. It was probably an oversight or mistake by the clerk in writing up the judgment. Nevertheless the law in this state is apparently settled, that in such case the judgment must be reversed and the cause remanded generally. In Knights of Honor v. Goldberger, 175 Ill. 19, the trial court had entered judgment against two defendants, one of whom was not served and had entered no appearance. The Appellate Court reversed the cause because of the same error, but inasmuch as the evidence supported the verdict against the party which had been properly brought in by summons, the Circuit Court was directed to enter judgment on the verdict against such defendant.

The Supreme Court says: "The judgment was a unit as to both defendants, and should have been reversed as to both and remanded generally." We are precluded, therefore, from endeavoring to correct the mistake in order to give effect to the judgment in the case at bar against the parties properly served. There seems to be no way of avoiding a new trial for all parties.

The judgment bad as to one is bad as to all. See, Grace v. Casey-Grimshaw Marble Co., 62 Ill. App. 149, and cases cited; also cases cited in Knights of Honor v. Goldberger, *supra*. The judgment of the Circuit Court is reversed and the cause remanded.