## V. T. Malott, Receiver, v. Chauncey L. Mapes.

1. STATION AGENT—*who is a, within the meaning of the statute providing for service of notice upon a railroad company to build fence.* One is a station agent, within the meaning of such statute, who sells tickets for the company upon commission, regardless of whether trains stop regularly at such station and regardless of whether the amount of business done there is large or small, where such railroad company has advertised to the public that it would receive passengers at such station, and that tickets should be purchased of such person.

2. JUDGMENT—*form of, to be entered against receiver.* A judgment against a receiver should not be against him personally but should run against him in his official capacity, and direct payment in due course of administration.

3. EXECUTION—*when error to award.* It is error to award execution against a receiver.

Action to recover statutory penalty. Error to the Circuit Court of Edgar County; the Hon. HENRY VAN SELLAR, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed November 19, 1903. Opinion modified; rehearing denied, December 3, 1903.

T. J. GOLDEN and J. E. DYAS, for plaintiff in error.

R. L. MCKINLAY and DUNDAS & O'HAIR, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Chauncey L. Mapes, the defendant in error, is the owner of a farm in Edgar county, through which the Terre Haute and Indianapolis Railroad passes, and has been operated for a number of years.

This suit was brought by defendant in error to recover double the cost of a fence constructed by him upon the line between his land and the right of way of the railroad.

The statute provides that every railroad corporation, shall, within six months after any part of its line is open for use, erect and thereafter maintain fences on both sides of its road or so much thereof as is open for use, suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock from getting on such railroad; that whenever a rail-

road corporation shall neglect or refuse to build or repair such fence, the owner or occupants of the lands adjoining the railroad may give notice, in writing, to such corporation, or to the person operating the railroad, to build such fence within thirty days after the service of the notice; and that the notice shall describe the lands on which the fence is to be built, and that the service of the notice may be made by delivering the same to any station agent of or person operating the railroad. The statute further provides that upon failure to comply with the requirements of the notice, a landowner may construct the fence and recover double its value.

The record shows that the fence along the right of way across the farm of defendant in error was of no practical use and failed to meet the statutory requirements; and that the defendant in error, in apt time and prior to the commencement of suit, served a notice to rebuild the same. The notice was in due form and was ignored by plaintiff in error. The defendant in error then constructed the required fence. The railroad was, and for several years had been in the hands of and operated by a receiver. The cause was, by agreement, tried by the court without a jury. The trial resulted in a judgment against plaintiff in error for $144.45.

It is urged that the judgment must be reversed because the notice to construct the fence did not meet the requirements of the statute, and because it is a personal judgment against V. T. Malott, and erroneously awarded execution.

The record shows that the notice was served upon G. F. Nolan, who the defendant in error claims was the station agent of the railroad company at Marley, which is a small place consisting of a store and two or three houses. It appears that Marley was a flag station at which trains did not make regular stops, and that Nolan, a merchant, sold tickets for the railroad, on commission. The railroad advertised the fact that the public might apply to Nolan for tickets. The contention of plaintiff in error is that, as Nolan sold tickets on commission, he was not a station

agent, and as the statute required service to be had upon a station agent, the service did not meet the requirements of the statute. The contention is without merit. That Marley was a station on the line of the railroad cannot be successfully controverted. It is unimportant whether all or only a few of the trains stopped, or whether they stopped regularly or only upon being flagged, or whether the amount of business transacted was large or small. The railroad company advertised to the public that it would receive passengers at Marley and that tickets could be purchased from Nolan, who was its sole representative at that place. It was wholly immaterial whether Nolan was paid a salary or a commission for his services. He was the station agent of the railroad company.

The court after finding the issues for the defendant in error and assessing his damages at the amount above stated, thereupon rendered judgment as follows:

"It is ordered and adjudged by the court that the plaintiff, C. L. Mapes, have and recover of and from the defendant, V. T. Malott, receiver of the Terre Haute & Indianapolis Railroad Company, his damages of one hundred and forty-four and 45-100 dollars, together with his costs and charges herein expended, and that fee bills and execution issue herein."

The judgment should have been against the receiver in his official capacity, to be paid in the due course of the administration of his trust. It is error to award execution against a receiver. McNulta v. Ensch, 134 Ill. 46; McNulta v. Lockridge, 137 Ill. 279; Bartlett v. Cicero, 177 Ill. 76.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*