### James H. Eckels et al. v. Thomas M. Farley.

#### Gen. No. 13,053.

1. PERSONAL INJURIES—*when liability for, not joint.* No joint liability exists with respect to a corporation and a receiver for such corporation who is in possession of its property.

2. REVERSAL—*when must be as to all parties to judgment.* A judgment at law against the defendants is a unit which can neither be reversed as to some and affirmed as to some, nor reversed with directions to the lower court to enter it as on the verdict against some and not against others.

3. VERDICT—*effect of large remittitur.* Where the trial judge before entering judgment has required a large *remittitur*, the confidence of the Appellate Court in the fairness of the jury's consideration of the case is shaken.

Action on the case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1906. Reversed and remanded. Opinion filed March 5, 1907.

JOHN A. ROSE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

MILES J. DEVINE, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

In this appeal we purpose to consider only one point, for that is necessarily fatal, as it seems to us, to the contention of appellee that the judgment here can be sustained.

The suit was begun in the court below against the Chicago Union Traction Company and the West Chicago Street Railroad Company and the receivers of each of these roads, and although it is not explicitly stated by whom or for what purpose these receivers were appointed, it is alleged in the declaration that they were receivers of the property and effects of said railroad corporations. It is moreover alleged, as the declaration must be read, that all the defendants were possessors of and operating a certain line of street railroad extending along West Madison street in Chicago, with certain trains of cars running thereon for the conveyance of passengers, and that all the said defendants, by their servants, negligently and carelessly caused a train of cars on which the plaintiff was a passenger to be run against a manhole cover, in consequence of which the plaintiff was severely injured.

To this declaration the two sets of receivers severally pleaded not guilty, and the two railroad companies demurred generally, but at the trial these demurring defendants were allowed to withdraw their demurrers, and it was ordered that the pleas of not guilty on file should stand as the pleas of all the defendants. It was on these pleas, therefore, that the case of all the defendants went to the jury.

Before the plaintiff rested the following formal admissions were made of record:

First.   That at the date of the accident (which the proof showed was October 27, 1903), the Chicago Union Traction Company was the lessee of the West Chicago Street Railroad Company.

Second.   "That on April 23, 1903, receivers were appointed for each of those companies and took possession, and as such were operating the cars in question at the time and place in question."

As this was the only evidence or admission of any kind introduced or of record, which connected any of the defendants with the accident or the cars in which it occurred, it may properly, we think, despite its rather unsatisfactory and indefinite character, be considered in connection with the allegations of the declaration, as binding both parties to the statement that receivers appointed by some competent court for each of the companies had taken full possession of and were operating the train in question at the time of the accident.   Just how the receivers of two distinct companies could be operating the same train at the same time, or how far the law applicable to the relation of lessor and lessee railroads applies to the relations of receivers of lessor and lessee companies, are questions that we do not need here to enter upon, as close as they may be to the issue before us.

If the receivers, one or both sets, severally or jointly, constructively or actually, as principals or in the relation of agency that has been said to exist between a lessee railroad and its lessor, were operating these cars, then the railroad companies themselves were not operating them.   For a receiver of a railroad is not the agent of the company, nor its representative, nor in any sense under its control.   He is a person who comes into possession of the equipment and business *in invitum*, placed there by the court, which virtually sequestrates the property for the time being to preserve it from ruin for the benefit of creditors primarily and other interested parties secondarily.

That the corporation whose property has thus been

taken away from it, and which has nothing to do with the management or operation of it, cannot be held liable for personal injuries resulting from such operation, is a proposition hardly seeming to need citations of authority. Such citations, however, are easy to make. McNulta v. Lockridge, 137 Ill. 270; Bartlett v. C. L. H. & P. Co., 177 Ill. 68; O. & M. Ry. Co. v. Anderson, 10 Ill. App. 313; Chicago Union Traction Co. v. Mann, No. 12,817, filed Nov. 15, 1906, in this court, not to be reported; Metz v. B. C. & P. R. Co., 58 N. Y. 61; Ohio & Mississippi R. Co. v. Davis, 23 Ind. 553; Bell v. I. C. & L. R. Co., 53 Ind. 57; Turner v. Hannibal & St. J. R. Co., 74 Mo. 602; Hicks v. I. & G. N. R. Co., 62 Tex. 38; Heath v. Missouri, K. & T. R. Co., 83 Mo. 617; Godfrey v. Ohio & M. R. Co., 116 Ind. 30; Memphis Ry. Co. v. Stringfellow, 44 Ark. 322.

The proposition is, moreover, not one founded on form or rules of technical procedure. The distinction between the parties is real and vital. The judgments obtained against a railway corporation and those against its receivers may be charges respectively on very different funds and assets, and it is easy to conceive cases where their final enforcement would place the ultimate loss on very different people.

In the case at bar, at the close of the plaintiff's evidence, counsel for the defendant, the Chicago Union Traction Company, made a separate motion for that defendant that the court should give to the jury an instruction to find the Chicago Union Traction Company not guilty. Counsel also made a like separate motion in behalf of the West Chicago Street Railroad Company.

There was literally no evidence that these corporations, although defendants, had anything to do with the operation of the cars in which the accident occurred, and if the admission concerning the receiverships is to be considered precise and definite enough to carry

with it its evident meaning and purpose, there was evidence that they had not.

The motions therefore should have been allowed, and the instructions given. They were, however, refused, and specific and separate exceptions were preserved to the refusal.

There was no evidence offered for the defendants.

The jury found the following verdict, as it appears in the record: "We, the jury, find the defendants guilty and assess the plaintiff's damages at the sum of ($10,000.00) ten thousand dollars."

So far as the defendants, the Chicago Union Traction Company and the West Chicago Street Railroad Company, were concerned, this verdict was plainly entirely unsupported by and against the evidence. Separate motions for a new trial on this ground, among others, were made by each of the companies, as well as by each set of receivers separately. Those motions should have been granted unconditionally, but were denied. But the court ruled that the plaintiff must remit $5,000, or one-half of the amount of the verdict, as a condition of the denial, and the *remittitur* was entered. Thereupon, the record proceeds, "a new trial was denied, to which the defendants except. Thereupon the defendants enter their motion in arrest of judgment, which motion was also overruled, to which the defendants except. Therefore it is considered by the court that the plaintiff do have and recover of and from *the defendants* the said sum of five thousand dollars, together with his costs and charges in this behalf expended, *and to be paid in due course of administration as receivers,* to which the defendants except." From this judgment the *defendants* prayed and were allowed an appeal.

It is argued by the appellee that this is a judgment order against the receivers alone, because of its clause, "and to be paid in due course of administration as receivers", which shows that it could not have been designed against the other defendants.

Clearly this will not do. The verdict of the jury was against all the defendants. Separate motions for a new trial, made by the companies, as well as such motions made by the receivers, had been considered and denied, and after *remittitur* judgment was entered on the verdict. It would have been error to enter it on that verdict against the receivers alone. This error was not committed. Whatever irregularity or obscurity there may be injected into the judgment by the failure to distinguish as to the modes of enforcement as against the corporations themselves and their receivers, and as to the funds from which it is to be paid, the insertion of the clause in question did not render the judgment one thus departing from the verdict.

Appellants contend that because of a misjoinder, in that the companies and their receivers must necessarily have been sued and charged in different capacities, the motion in arrest of judgment should have been granted. It is not necessary for us to decide or discuss this. The motions for a new trial should plainly have been granted, because the verdict found the companies guilty. The judgment for that reason must be reversed.

A suggestion comes obviously to the mind, that, if this court were of the opinion from the whole record that as to the receivers the verdict and judgment were justified, although entirely erroneous as to the companies, we might properly, so far as substantial justice goes, affirm the judgment against some defendants and reverse it as to others, or at least enter an order reversing the judgment and remanding the cause, with permission to the plaintiff to dismiss as to the companies and enter judgment on the verdict already given against the receivers. Such a course was pursued by the Supreme Court of Arkansas in Memphis Ry. Co. v. Stringfellow, *supra.*

This suggestion has been anticipated in argument by appellants' counsel, and a well-known rule of our

law frequently announced by the Supreme Court and this court following the Supreme Court, has been pointed out, that neither of said courses is admissible because the judgment at law against all the defendants is a unit, which can neither be reversed as to some and affirmed as to others, nor reversed with directions to the lower court to re-enter it, as on the verdict, against some and not against others. West Chicago Street R. R. Co. v. Martin, 154 Ill. 523-526; Seymour v. Richardson Fueling Co., 205 Ill. 77-82; Jansen v. Varnum, 89 Ill. 100-162; Supreme Lodge Knights of Honor v. Goldberger, 175 Ill. 19; Smith v. Byrd, 2 Gilman, 412; Brockman v. McDonald, 16 Ill. 111-112; Williams v. Chalfant, 82 Ill. 218; Hutchinson v. Sine, 105 Ill. App. 638; Seymour v. O. S. Richardson Fueling Co., 123 Ill. App. 401.

But whatever regret we feel that we may not examine the merits of this cause on the evidence, with the view of making some disposition of it as against the receivers, without the necessity of another trial, is lessened by the consideration that a verdict which, in the opinion of the trial judge, requires such a large *remittitur* both in proportion and absolutely as did the one in this case, before it is proper to enter judgment on it, lacks recommendation to a reviewing court as the basis of a final settlement of a cause. In the interests of peace and an end of litigation, judgments on verdicts where even larger *remittiturs*, both absolutely and proportionately, have been made, have been sustained by this court; but never, we believe, without a feeling that confidence in the jury's fairness and impartiality must have been shaken in the trial judge when he required so large a *remittitur* as a condition of judgment.

The judgment in this cause is reversed and the cause remanded to the Superior Court generally for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*