Mary E. Lyons et al., Administrators, Defendants in Error, v. Marshall E. Sampsell, Receiver, Plaintiff in Error.

## Gen. No. 16,180.

1. Judgments—*when against receiver erroneous.* It is error to render judgment against a receiver in his individual capacity and to award execution against him. A proper form of judgment should provide for payment in due course of administration.

2. Statute of Limitations—*when new cause of action not set up.* Held, in this case, that the amended counts which differed from the original counts in that they charged conduct tending to show that the defendant as receiver was responsible while the original counts did not so state, a new cause of action is not set up where it

appears that the original declaration began by complaining against the defendant as receiver.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. Richard S. Tuthill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed with directions. Opinion filed March 28, 1912. Rehearing denied April 11, 1912.

John A. Rose and Frank L. Kriete, for plaintiff in error; W. W. Gurley, of counsel.

Stedman, Soelke & Shutan, for defendants in error.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an appeal by the defendant, plaintiff in error here, from a judgment rendered in favor of the plaintiffs, defendants in error here, for $1,000 in a suit to recover for personal injuries.

The declaration as originally filed complained of "Marshall E. Sampsell as receiver of the Chicago Union Traction Company, a corporation, and the City of Chicago, a corporation, defendants, of a plea of trespass on the case." It is urged that in the five counts of the declaration there was no specific charge against said receiver of any duty, violation of duty or injury due to any act of his, either of omission or commission. The counts all charged "the Chicago Union Traction Company, a corporation," with the possession, control and operation of the railroad and with responsibility for the accident which caused the injury resulting in the death of the decedent, Sept. 14, 1907. At the trial in the court below, the court gave the plaintiffs leave to amend the declaration, by inserting the words "Marshall E. Sampsell, receiver of the," before the words "Chicago Union Traction Company" in appropriate places in the counts of the declaration. To the declaration as thus amended the defendant in-

terposed a plea of the Statute of Limitations. Plaintiffs demurred to this plea. The court sustained the demurrer and defendant elected to stand by the plea. Subsequently plaintiffs elected to take a non-suit as to the defendant City of Chicago.

It appears that the judgment as entered in this case is in any event erroneous, in that it provides that the plaintiffs "recover of and from the defendant their said damages of one thousand dollars in form as aforesaid by jury assessed, together with their costs and charges in this behalf expended, and have execution therefor." In McNulta v. Ensch, 134 Ill. 46-56, it is said that no judgment could be rendered against the receiver "individually, and no award of execution could be made. It must be entered against him as receiver, and be made payable out of the funds held by him in that capacity, in the due course of the administration of his receivership. Beach on Receivers, 715, and authorities cited." See also Malott v. Mapes, 111 Ill. App. 340-342. This error will necessitate the reversal of the judgment of the Circuit Court, but if the only error in the record it might be corrected here by our reversing the judgment as it stands and entering the correct judgment in this court. In the case McNulta v. Ensch, *supra,* it is said: "We regard it as the better practice to remand the cause with instructions" to the Circuit Court to enter the proper order.

We come now to the serious question presented by this record. We are not disposed to reverse the judgment unless compelled to do so or otherwise disregard clear rules of law. Unless this judgment can stand upon the declaration on file or amended, the administrators will not be able to recover at all, since the statute of limitations has run against any declaration or amendments setting up any new cause of action. There is no question raised as to the right of the plaintiffs to recover on the merits and the amount of the judgment is not excessive. To reverse this judgment on mere

technical grounds and so dispose of the suit finally would be unjust and would leave defendants in error without remedy. There are reversible errors which it is not within the power of this court to correct. Is it true, as counsel for defendant urge, that in this record such error exists?

It is urged by defendant's counsel that the Circuit Court erred in allowing the plaintiffs' declaration to be amended after the statute of limitations had run against the action, in sustaining a demurrer to defendant's plea setting up that statute, and in overruling a demurrer by defendant to the amended declaration. It is true apparently, as urged by defendant's counsel, that the original declaration in the case, while it began by complaining "of Marshall E. Sampsell, as receiver of the Chicago Union Traction Company, a corporation," as defendant, contained five counts, in each and all of which the plaintiffs charge no act of omission or commission, no duty nor neglect of duty on the part of the said receiver. In each of these counts it is the "Chicago Union Traction Company, a corporation," that is charged with possession of the railway and car and with responsibility for the alleged wrongful act resulting in the fatal injury to the decedent. These counts charged the receiver with no conduct tending to show that he as receiver was in any way responsible for the fatal injury in question. If, as might appear from the counts in question, the intention was to charge the corporation of which the defendant Sampsell is complained of as receiver with being itself responsible for the alleged tort by which the deceased lost his life, no such action could be maintained. It was said by Judge Brown in Eckels v. Farley, 131 Ill. App. 557-559-60, the receiver of a railroad comes into possession of the company's property and business as the appointee of a court which takes the property for the time being for the benefit of the creditors and others interested. "That the corporation whose

property has thus been taken away from it, and which has nothing to do with the management or operation of it, cannot be held liable for personal injuries resulting from such operation, is a proposition hardly seeming to need citations of authority'' (citing McNulta v. Lockridge, 137 Ill. 270, and many cases). In Eckels v. Henning, 139 Ill. App. 660-668, it is said: ''It follows that the corporation from which the property has been taken away and which has nothing to do with its management, is not liable for personal injuries resulting from such operation.''

The question remains, does the original declaration state a duty to the deceased on the part of defendant as receiver and its violation? It is not questioned that the original declaration stated ''facts from which the law would raise a duty on the part of the Chicago Union Traction Company, a corporation,'' but it is not the Chicago Union Traction Company that is made a defendant. The question is whether the original declaration states facts from which the law raises a duty, and its violation by plaintiff in error as receiver. We think it does. The original declaration as above stated, ''complains of Marshall E. Sampsell, as receiver of the Chicago Union Traction Company, a corporation,'' and makes him a defendant. The receiver, plaintiff in error here, does not claim that he was not rightly sued in this case. In McNulta v. Ensch, 134 Ill. 46-55, it is said: ''The fact therefore that the receiver made no objection to the suit against him in his representative capacity, before or at the trial, ought to preclude him from urging that he was not rightly sued,'' and that ''if McNulta was the receiver of the road at the time of the injury, it must be presumed, in the absence of any plea or denial, that he was in discharge of the duty imposed upon him by that relation to the railroad.'' In the case at bar the same presumption exists, and in the absence of such plea or denial, the presumption of law is that Sampsell as receiver of the Chicago

Union Traction Company was "in the discharge of the duty imposed upon him by that relation to the railroad," at the time when the injury in question occurred. The relation of receiver to that railroad corporation as stated in the declaration implies that he was in charge of its property and operation and this presumption or implication of law arises from the averment of the declaration that he was receiver of that particular Chicago Union Traction Company and responsible for the acts which the declaration in some of its counts charges. The plea of the general issue was filed to this declaration in words in part as follows:

"And now comes the defendant Marshall E. Sampsell as Receiver of Chicago Union Traction Company, by J. L. Baily, his attorney, and defends the wrong and injury when, etc., and says that he is not guilty of the said several supposed grievances above laid to his charge, or any or either of them in manner and form as the plaintiff has above thereof complained against him."

In McNulta v. Ensch, 134 Ill. *supra*, pages 46-54, it was claimed that there was no evidence that the receiver was operating the railroad at the time of the injury, or that the persons in charge of the train were his servants, or that he was a common carrier. The court however says that "railway companies are by law common carriers of passengers and freight," and that the proofs showed that the railway was being operated and carrying passengers before and at the time of the injury. "No plea" it is said "was filed putting in issue the representative character in which defendant was sued. In a suit against an administrator, unless he denies the representative capacity in which he is sued, it will be admitted," and that "it must be presumed in the absence of any plea or denial that he was in discharge of the duty imposed upon him by that relation to the railroad." In McNulta v. Lockridge, 137 Ill. 270-284, the court says: "It is claimed

however that in the case at bar the general issue admitted that McNulta was receiver at the time he was sued, and that only. We think this is placing too restricted a signification upon the implied concessions made by the pleadings;'' that (p. 286) ''the admission upon the pleadings is of the character and capacity in which the defendant is sued. That character and capacity includes not only the bare fact that at the time that suit was instituted plaintiff in error was receiver, but the further facts alleged in the declaration, that at the time when, etc., Cooley was receiver * * * by appointment of court * * * and was in possession of and operating the line of railway mentioned therein, as such receiver, and that the employes operating the trains on said road were the servants of Cooley as such receiver,'' etc. In the case at bar the declaration makes Marshall E. Sampsell as Receiver of the Chicago Union Traction Company a defendant and the said plea of general issue in legal effect admits that he was such receiver; that as such receiver he was in possession of and operating the line of railway of said Company and that the employes operating the trains on the road of said Traction Company were his servants as such receiver at the time when the declaration charges the wrong and injury complained of were committed. Under these circumstances we are unable to agree with defendant's counsel that the amendments in question stated a new cause of action. They merely state more specifically what the law implies from the original declaration and plea, that said receiver operated and controlled the said corporation, and that it was his duty as receiver to keep the part of the street specified in good and safe repair. In Bartlett v. Cicero Light Co., 177 Ill. 68-74, it was said: ''The receiver is legally the agent of the company, although under the direction of the court; and the title to the property is not divested by his appointment.'' The original declaration alleged that the car

by which the deceased was injured "Was then and there in the control of the Union Traction Company by its servants in that behalf," in other words by its agents, and if the receiver is legally the agent of the company, no new cause of action is stated if by amendment he is specifically named.

We find no reversible error in the record except in the matter of the form of judgment, above referred to. As this error necessitates a reversal of the judgment, it will be so ordered with directions to the Circuit Court to enter the proper order as above indicated.

*Reversed with directions.*