## Della Glover, Appellee, v. Samuel Insull, Receiver, Appellant.

### Gen. No. 24,647.

1. RECEIVERS—*what is effect of possession of receiver on liability of carrier for injuries to passenger.* The possession of elevated railroad property by a receiver is not the possession of the railroad company, and the latter is not liable for negligent injuries to a passenger attempting to board a car.

2. RECEIVERS, § 42*—*when action against receiver for personal injuries barred.* An action against the receiver of a railroad for negligent injuries to a passenger is barred by the 2-Year Statute of Limitations, where the receiver was in possession of the property at the time of the accident, and, while an action against the railroad company was brought within 2 years after the occurrence of the accident, the receiver was not made a party until 3 years after the accident.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1918. Reversed and judgment here. Opinion filed March 10, 1919.

CARROLL H. JONES and WILLIAM A. MORROW, for appellant.

WILLIAM SMITH, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

Plaintiff, Della Glover, brought suit in the Municipal Court of Chicago on November 10, 1916, against the Chicago and Oak Park Elevated Railroad Company to recover damages for injuries alleged to have been received by her on the 11th day of November, 1914, while she was attempting to get on board a car operated by defendant company.

The statement of claim filed by plaintiff alleged that on the 11th day of November, 1914, the Chicago and Oak Park Elevated Railroad Company was a corporation and was then in possession and control of certain railroad cars, wires and tracks running from Chicago to Oak Park, and that it was "moving and operating certain electric cars for the carriage of passengers as a common carrier for hire upon said tracks," etc.

On November 20, 1916, the defendant company filed its appearance and later an affidavit of merits which set out that defendant was not in possession or control of or operating the railroad cars, etc., mentioned in the statement of claim.

On February 11, 1918, more than 3 years after the cause of action arose and about 15 months after the action was commenced, Samuel Insull was made party defendant to the action, as receiver of the Chicago and Oak Park Elevated Railroad Company. Summons was issued and served upon him and an amended statement of claim was filed which charged that:

"On to-wit: the 11th day of November, 1914, the Chicago and Oak Park Elevated Company and Samuel Insull, its receiver, was a corporation of the State of Illinois, and was *then and there jointly in possession,* in control and operating certain railroad cars, wires, running from Chicago to Oak Park avenue in the County of Cook and State of Illinois, and was operating the said cars as a common carrier of passengers for hire."

Samuel Insull, as receiver, etc., filed his appearance in the cause on February 25, 1918. He later filed an affidavit of merits which alleged, among other things, that the cause of action set out in the amended statement of claim did not arise within 2 years next preceding the commencement of plaintiff's suit against the defendant.

On the trial of the cause it was admitted that Samuel Insull was in control of the railroad company as its receiver and had been operating the railroad since November 13, 1911. The case proceeded to trial before a jury on March 27, 1918, but on motion of plaintiff a juror was withdrawn and the jury discharged. Thereafter the cause was submitted to the court for trial without a jury. On May 1, 1918, the defendant Chicago and Oak Park Elevated Railroad Company was, on motion of plaintiff, dismissed out of the case and on the same day the court found the issues against the defendant Samuel Insull, receiver, and assessed the plaintiff's damages at the sum of $125. Judgment was entered for this amount and the defendant Samuel Insull, receiver, by this appeal seeks to reverse this judgment.

The appeal by which the case is brought to this court is undefended. It is urged on behalf of the defendant that the cause of action accrued against the receiver on the date the injuries were sustained and that, this being so, the statute of limitations has run against the action. As stated above, the receiver was in full possession of and operating the property of the defendant on the day the accident occurred, November 11,

1914. The tort then, if a tort was committed, was that of the receiver.

In *McNulta v. Lockridge*, 137 Ill. 270, at page 279, the Supreme Court said:

"The corporation itself, having no control over either the receiver or his servants, is not, in the absence of an absolute liability imposed upon the company by statute, responsible for the negligence or torts of the employees of the receiver, and no suit against it for damages occasioned thereby can be maintained. These rules of law are well settled, and have been held in many adjudicated cases, and are laid down in the textbooks."

In *Henning v. Sampsell*, 236 Ill. 375, it is said:

"The possession of a receiver is not the possession of the corporation owning the franchise and tracks, but is antagonistic to it. The owner cannot control the receiver or his employees, and is not liable for injuries inflicted by him or them." *Eckels v. Farley*, 131 Ill. App. 557.

The decisions relied upon by counsel for appellees fully sustain their argument that the possession of the receiver at the time the accident occurred was not in any sense, neither in law nor otherwise, the possession of the railroad company. The company was not liable for any injuries which might have resulted from the negligent acts of commission or omission of the receiver or his employees, and for such acts suit could be maintained only against the receiver. We think it follows from this that the commencement of the suit against the company was not the beginning of an action against the receiver. On the face of the record it appears that the action was originally begun against a party not in control or possession of the property in question and one not in any legal sense liable to the plaintiff for the injuries which it is alleged she received. The service of summons in a suit against such a party cannot be held to be service upon a party in fact legally liable to the plaintiff for the injury.

In the case of *Proctor v. Wells Bros. Co. of New York,* 262 Ill. 77, the Supreme Court had under consideration a case involving principles which are applicable here; and although the precise question presented by the record before us was not before the Supreme Court in that case, the decision there is essentially controlling in the case at bar. In the *Proctor* case, *supra,* suit was originally brought against Wells Bros. Company. This suit was dismissed 18 months after it was begun, and the Supreme Court held that "the issuance of a summons was the commencement of a suit against a newly-named defendant." In the case at bar it does not appear that the plaintiff was mistaken as to the identity of the person against whom she sought to maintain her action. The receiver was in possession of the property at the time the accident occurred and also when suit was begun. It is not a case of mere misnomer, where a person sued might have recourse to a plea in abatement. The receiver was not legally bound to respond to the summons served upon the railroad company as the suit was begun, not against him but another and a distinctly different defendant.

"The cases cited by plaintiff in error go not further than this. None of them hold that the commencement of an action against one person or corporation upon a cause of action against another person or corporation will arrest the running of the statute of limitations against the latter, and the law is that it will not." *Proctor v. Wells Bros. Co. of New York, supra.*

More than 2 years having elapsed between the date when the plaintiff alleges she received the injuries she complains of and the bringing of the action against the receiver, the finding and judgment of the trial court should have been in his favor. *Handtoffski v. Chicago Consol. Traction Co.,* 274 Ill. 282.

In *Memphis & C. R. Co. v. Hoechner,* 67 Fed. 454, it was held that where an action for personal injuries is brought against a railroad company whose prop-

erty was in the exclusive control of receivers, who were not made parties until a year later, the action was barred against the receivers where it appeared that actions for personal injuries must be brought within one year after the right of action accrued.

The judgment of the Municipal Court is reversed and judgment of *nil capiat* entered in this court.

*Reversed and judgment here.*